IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00154-MR

| | |
|---|---|
| **BRUCE L. GORHAM EL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **ROBERT L. HONEYCUTT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se Motions to Amend the Complaint [Docs. 11, 13, 16], Motion to Correct Defendant Honeycutt's name [Doc. 14], "RE: Request of Jury Trial…." that was docketed as a Motion [Doc. 15]; and "Preliminary Injunction" that was docketed as a Motion [Doc. 17].[1]

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing his placement in the restrictive housing unit (RHU) at the

---

[1] The Plaintiff is reminded that he must request relief from the Court by filing a "Motion." [See Doc. 3 (Order of Instructions)]. Any future requests that are not properly filed will not receive a response from the Court and may be stricken.

Alexander Correctional Institution during the summer of 2023.[2] [Doc. 1]. He subsequently filed three Motions to Amend in which he seeks to add defendants and claims under § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). [Docs. 11, 13, 16]. The Plaintiff asks the Court to disregard one of the Motions to Amend [Doc.11] because he filed it "in error." [See Doc. 16 at 1, 7].

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Plaintiff's initial Motion to Amend is moot because he may amend once as a matter of course. See Fed. R. Civ. P. 15(a)(2). However, he withdrew the initial Motion and filed two more such Motions, which are duplicative and confusing attempts to amend the Complaint in a piecemeal

---

[2] The Plaintiff's address of record is now at the Tabor Correctional Institution. However, a review of the NCDAC website reveals that the Plaintiff was recently transferred to the Scotland CI. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0462072&searchOffenderId=0462072&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last addressed Jan. 30, 2024); Fed. R. Evid. 201. The Plaintiff is reminded that it is his responsibility to keep the Court apprised of his current address at all times. [See Doc. 4 (Order of Instructions)].

fashion. This will not be permitted. The Plaintiff may file a superseding Amended Complaint on a § 1983 form that clearly identifies the Defendants against whom he intends to proceed, and sets forth facts describing how each of the Defendants allegedly violated his rights. See generally Fed. R. Civ. P. 10(a). Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's prior filings. If the Plaintiff fails to timely amend in accordance with this Order, the Court will proceed on the Complaint. [Doc. 1].

In his Motion to Correct, the Plaintiff asks to change Defendant Honeycutt's first name from "Ronald" to Ronnie. [Doc. 14]. This is granted and the Clerk will be instructed to correct Defendant Honeycutt's name in the Court's record.

It also appears that the Plaintiff is attempting to request a jury trial. [Doc. 15]. This request is granted and the Clerk will be instructed to note the Plaintiff's jury demand on the docket sheet.

Finally, the Plaintiff seeks a preliminary injunction instructing Defendant Honeycutt to release the Plaintiff's legal document and religious materials to him, and to transfer him to Maury or Pasquotank Correctional Institution. [Doc. 17 at 3]. He claims that this relief is required "in order to cease future irreparable injury from occurring." [Id.].

3

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20.

The Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Moreover, It appears that the Plaintiff's requests for injunctive relief are moot insofar as he has now been transferred away from the Alexander CI and the conditions of which he complains are unlikely to recur. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition

moots his claims for injunctive and declaratory relief."). Accordingly, his request for preliminary injunctive relief is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motions to Amend the Complaint [Docs. 11, 13, 16] are **DISMISSED AND DENIED**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in the instant case in accordance with this Order and within the time limit set by the Court, this action will proceed on the Complaint [Doc. 1].

3. The Plaintiff's Motion to Correct [Doc. 14] is **GRANTED** and the Clerk is instructed to substitute "Ronald L. Honeycutt" with Ronnie L. Honeycutt in the Court's record.

4. The Plaintiff's "RE: Request of Jury Trial…" [Doc. 15] is construed as a Motion and is **GRANTED**. The Clerk is instructed to note the Plaintiff's jury demand on the Court's docket.

5. The Plaintiff's "Preliminary Injunction" [Doc. 17] is construed as a Motion and is **DENIED**.

The Clerk is respectfully requested to mail the Plaintiff a blank prisoner complaint form and a copy of this Order at his address of record as well as to him at the Scotland Correctional Institution.

**IT IS SO ORDERED.**

Signed: February 5, 2024

Martin Reidinger
Chief United States District Judge