IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00154-MR

| | |
|---|---|
| BRUCE L. GORHAM EL,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| RONNIE L. HONEYCUTT, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Amended Complaint [Doc. 21]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

I. **BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution during the summer of 2023.[2] [Doc. 1]. He named as Defendants the Department of Adult Correction; the Director of Prisons

---

[1] According to the North Carolina Department of Public Safety's (NCDAC) website, the Plaintiff's name is Bruce L Gorham. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0462072&obscure=Y&listpage=1&listurl=pagelistoffendersearchresults&searchOffenderId=0462072&searchDOBRange=0 (last accessed May 13, 2024); Fed. R. Evid. 201.

[2] The Plaintiff is now incarcerated at the Scotland Correctional Institution.

Brandeshawn Harris; Alexander CI Warden Ronnie L. Honeycutt; and Unit Managers Joshua Sigmon, Chris Beiker, and Stephanie Hall. [Id.]. The Plaintiff attempted to amend the Complaint on a piecemeal basis, which was denied, and the Plaintiff was granted the opportunity to amend. [Doc. 20]. The Plaintiff was instructed to file an Amended Complaint that "clearly identifies the Defendants against whom he intends to proceed, and sets forth facts describing how each of the Defendants allegedly violated his rights." [Doc. 20 at 3]. He was cautioned that any Amended Complaint "will supersede the Plaintiff's prior filings." [Id.].

The Plaintiff filed an Amended Complaint [Doc. 21], wherein the Plaintiff names as Defendants in their individual and official capacities: FNU Walsh and FNU Hansley, Alexander CI sergeants; and FNU Mitzel, FNU Green, and FNU Morrison, Alexander CI correctional officers. He purports to sue pursuant to "U.S. Const. 8th and 14th Amend; Dept. of Adult Corr. policy and procedures, Human Rights Art. 5 and 7" under § 1983. [Id. at 4]. He now appears to claim that former Defendants Sigmon and Hall conspired against him; that Defendants Hansley, Walsh, Green, and Mitzel searched and confiscated his legal property, which deprived him of access to the courts; that Defendants Mitzel and Green falsely charged him with disciplinary infractions and failed to provide him with the evidence he

requested in his defense[3]; that Defendant Morrison falsely labeled some of the Plaintiff's legal documents as sovereign-citizen material, which resulted in additional disciplinary charges[4]; and that all of this was done in retaliation for the Plaintiff's initiation of the instant lawsuit.[5] [Doc. 21 at 5-9]. For injury, he claims: "continued discrimination, cruel and unusual punishment, deprived of equal protection, and further subjected to slander, racial and religious discrimination, and deprived of numerous Human Rights … [and] acts of retaliation under color of law." [Id. at 9]. He seeks damages and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore,

---

[3] The NCDAC's website reflects that the Plaintiff received infractions for "threaten to harm/injure staff," "substance possession," and "disobey order" on October 19, 2023. https://webapps.doc.state.nc.us/opi/viewoffenderinfractions.do?method=view&offenderID=0462072&listpage=1&listurl=pagelistoffendersearchresults&searchOffenderId=0462072&searchDOBRange=0&obscure=Y (last accessed May 13, 2024); Fed. R. Evid. 201.

[4] The NCDAC's website reflects that the Plaintiff received an infraction for "involvement w/gang or SRG" on October 27, 2023. See note 3, supra.

[5] The Amended Complaint does not include the claims that allegedly occurred during the summer of 2023 that were raised in the original Complaint.

under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan,

4

526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

### A. Parties

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."); [see, e.g., Doc. 21 at 5-6, 9 (referring to Sgt. Emig, Stephanie Hall, Joshua Sigmon, Ronnie L. Honeycutt, and Chris Beiker)]. The allegations directed at individuals not named as Defendants, including the conspiracy claims against former Defendants Hall and Sigmon, are therefore dismissed without prejudice.

### B. Vague and Conclusory Claims

The Plaintiff vaguely alludes to claims of abuse of authority; policy and procedure violations[6]; human rights violations, including "Human Rights Art. 5 and 7"; violation of equal protection; racial and religious discrimination; and cruel and unusual punishment. [Doc. 21 at 4, 6, 9]. These allegations, however, are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, these claims are dismissed without prejudice.

### C. Retaliation

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment

---

[6] Further, the alleged violation of prison policy does not rise to the level of a § 1983 claim absent a plausible allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013).

6

right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 F. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). More, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id., 40 F.3d at 74.

Here, the Plaintiff alleges no facts that would give rise to any inference of a connection between his filing of a civil action against other persons, and the actions of the Defendants named regarding the alleged retaliation. As such, the Plaintiff makes no plausible allegations regarding the third element of this claim. As a result, the Plaintiff's retaliation claim will be dismissed without prejudice.

## D. Access to the Courts

The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), *aff'd*, 133 F. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

The Plaintiff claims that the Defendants confiscated his legal materials in the instant case as well as in an active criminal case; that this was meant to "sabotage" his civil suit; and that this "hinder[ed] [his] ability to pursue legal

obligations." [Doc. 21 at 6]. The Plaintiff's vague and conclusory allegations are insufficient to plausibly demonstrate that any of the Defendants caused him an actual injury. Accordingly, the Plaintiff's access to courts claim is dismissed without prejudice.

## E. False Disciplinary Charges

The Plaintiff claims that Defendants Green, Mitzel, and Morrison falsely charged him with disciplinary infractions which resulted in four disciplinary convictions. [Doc. 21 at 5, 7]; see Notes 3, 4, supra. This claim appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the

9

> action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Here, if the Plaintiff were to prevail on his claim that the disciplinary charges were unfounded, that would necessarily imply the invalidity of the disciplinary convictions. See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings); Moskos v. Hardee, 24 F.4th 289 (4th Cir. 2022) (prisoner could not bring § 1983 due process claim that prison officials fabricated evidence so that plaintiff would be wrongfully convicted of prison disciplinary infractions, causing him to lose good-time credits, because the disciplinary conviction had not been invalidated). The Plaintiff, however, has not alleged that the disciplinary convictions have been reversed or otherwise invalidated. Therefore, Plaintiff's claims about the false disciplinary charges appear to be barred by Heck.

10

## F. Disciplinary Due Process

Prison disciplinary proceedings are not part of a criminal prosecution, and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). Where a prison disciplinary hearing may result in loss of good time credits or solitary confinement, however, an inmate is entitled to certain due process protections. These include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. See Wolff, 418 U.S. at 564-71.

The Plaintiff claims that he asked Defendants Mitzel and Green to gather evidence and videos to demonstrate his innocence of the disciplinary charges, that he was "denied all evidence requested to support his innocence," and that he was thus found guilty of the infractions.[7] [Doc. 21 at 7]. The Plaintiff, however, makes no allegations as to what evidence was denied, or whether such evidence even existed. As such, the Plaintiff's

---

[7] The Plaintiff also claims that he requested evidence from Sgt. Emig, who is not a defendant in this case. [Doc. 21 at 6]; see Section A, supra.

allegations are insufficient to present a plausible claim for any due process violation, and such claim will be dismissed without prejudice.

## G. Supplemental Jurisdiction

The Plaintiff appears to assert a claim under North Carolina law in that the Defendants "subject[ed] Plaintiff to injuries such as slander … by abusing their authority to establish false allegations against Plaintiff in order to retaliate against Plaintiff for filing his civil suit." [Doc. 21 at 7]. The Plaintiff's § 1983 claim pertaining to false disciplinary charges did not pass initial review and, accordingly the Court declines to assert supplemental jurisdiction over the Plaintiff's North Carolina slander claim.[8] See Artis v. Dist. Of Columbia, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] … all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, the Plaintiff's slander claim is dismissed without prejudice.

---

[8] The allegations are also too vague and conclusory to state a plausible slander claim under North Carolina law. See generally Donovan v. Fiumara, 114 N.C.App. 524, 526-28, 442 S.E.2d 572, 574 (1994) (a statement is defamatory if a statement is false, and it tends "to prejudice another in his reputation, office, trade, business, or means of livelihood").

12

Case 5:23-cv-00154-MR   Document 22   Filed 05/15/24   Page 12 of 14

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim upon which relief can be granted, and the Complaint is therefore dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Although the Plaintiff has already been afforded an opportunity to file an amended complaint, the Court in its discretion will allow the Plaintiff one final opportunity to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. The amended complaint must be filed within thirty (30) days of the entry of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice. Should the Plaintiff wish to assert new claims that are unrelated to the claims asserted in his present Complaint, he should file a new civil action raising such unrelated claims.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. This action [Doc. 21 Am. Complaint] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: May 15, 2024

Martin Reidinger
Chief United States District Judge